Douglas S. Gilliland, Esq.  (SBN 157427)
THE GILLILAND FIRM
402 West Broadway, Suite 1760
San Diego, California 92101
Telephone:  (619) 878-1580
Facsimile:   (619) 878-6630
doug@thegillilandfirm.com

Attorneys for Plaintiffs MICHAEL QUESADA and ANTHONY QUESADA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL QUESADA, an individual and minor, ANTHONY QUESADA, an individual and minor, by and through their mother and legal guardian Lucero Silvia Bruno,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF SANTA ANA, a municipal entity, OSCAR LIZARDI, an individual, COLLIN REEDY, an individual, and DOES 1-10, inclusive,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1.  False Arrest<br>    42 U.S.C. section 1983<br><br>2.  Excessive Force<br>    42 U.S.C. section 1983<br><br>3.  False Arrest<br>    Civil Code section 52.1<br><br>4.  Excessive Force<br>    Civil Code section 52.1<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs MICHAEL QUESADA, an individual and minor, and ANTHONY QUESADA, an individual and minor, by and through their mother and legal guardian Lucero Silvia Bruno, by and through their attorneys of record, and THE GILLILAND FIRM, by Douglas S. Gilliland, Esq., and alleges as follows:

## I.
## JURISDICTION AND VENUE

1. The United States District Court, in and for the Central District of California, Southern Division, has original jurisdiction over the federal civil rights causes of action pled herein pursuant 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3), and by the federal questions raised therein pursuant to 28 U.S.C. § 1331. The United States District Court, in and for the Central District of California, Southern Division, has supplemental jurisdiction over the state law causes of action pled herein pursuant to 28 U.S.C. § 1367(a). Venue of this controversy is proper in the Central District of California, Southern Division, pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Central District of California, Southern Division.

## II.
## GENERAL ALLEGATIONS

2. At all times relevant to this complaint, Plaintiff MICHAEL QUESADA was an individual and minor residing in Santa Ana, California in the County of Orange.

3. At all times relevant to this complaint, Plaintiff ANTHONY QUESADA was an individual and minor residing in Santa Ana, California in the County of Orange.

4. At all times relevant to this complaint, Lucero Silvia Bruno was the mother and legal guardian of MICHAEL QUESADA and ANTHONY QUESADA and resides with them in Santa Ana, California in the County of Orange.

5. At all times relevant to this complaint, Defendant CITY OF SANTA ANA was a municipal entity in Orange County, California and was responsible for the acts and/or omissions of the Santa Ana Police Department and its officers.

6. At all times relevant to this complaint, Defendant OSCAR LIZARDI was an individual and police officer employed by Defendant CITY OF SANTA ANA and was acting within the course and scope of that employment.

7. At all times relevant to this complaint, Defendant COLLIN REEDY was an individual and police officer employed by Defendant CITY OF SANTA ANA and was acting within the course and scope of that employment.

8. Plaintiff is truly ignorant of the full names and identities of Defendant DOES 1-10. Therefore, Plaintiffs sue these individuals under the designations of Defendant DOES 1-10. These defendants are police officers employed by Defendant CITY OF SANTA ANA acting within the course and scope of that employment. Plaintiffs will amend this Complaint to include the true names and identities of these officers once their names and identities are ascertained.

## III.
## FACTS

9. Plaintiffs MICHAEL QUESADA and ANTHONY QUESADA are bothers. On May 31, 2020, they were riding their bicycles home from a friend's house. The were 16 and 14 years old, respectively. At the same time, there were demonstrations nearby in Santa Ana regarding the death of George Floyd.

10. As the brothers rode their bicycles, Defendant officers DOES 1-5 ran at ANTHONY QUESADA and knocked him off his bicycle. They took him down to the ground and beat and handcuffed him.

11. As Defendant officers DOES 1-5 beat ANTHONY QUESADA, his brother MICHAEL QUESADA turned his bicycle around and rode by the place where ANTHONY was being beaten. He yelled to the officers that his brother was only 14 years old, or words to that effect. At that time, Defendant OSCAR

LIZARDI exited an unmarked Santa Ana police vehicle and knocked MICHAEL QUESADA off his bicycle. Defendant COLLIN REEDY and DOES 6-10 then beat and handcuffed MICHAEL QUESADA.

12. MICHAEL and ANTHONY QUESADA were then taken to the hospital that evening and treated for their injuries. MICHAEL QUESADA had a contusion on his back from getting knocked off his bicycle. He had scrapes and abrasions on his legs and hands. His arm hurt from being twisted. He could not stand up straight for days because of pain in his lower back. ANTHONY QUESADA was bleeding from the head. He lost feeling in one of his arms. And he had scrapes and abrasions.

## IV.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. MICHAEL and ANTHONY QUESADA timely filed government tort claims against the CITY OF SANTA ANA on August 28, 2020. The CITY OF SANTA ANA failed to act on the claim within 45 days pursuant to California Government Code section 912.4(a). Therefore, MICHAEL and ANTHONY QUESADA's claims were deemed rejected by operation of law on October 12, 2020 (45 days after Augusts 28, 2020 pursuant to California Government Code section 912.4(c)). Therefore, MICHAEL and ANTHONY QUESADA have exhausted their administrative remedies and this lawsuit is timely filed, both within six months from the date the claim was rejected by operation of law pursuant to California Government Code section 945.6(a)(1), and two years from the date the claim accrued pursuant to California Government Code section 945.6(a)(2).

///
///
///
///
///

## V.

## FIRST CAUSE OF ACTION

## False Arrest – 42 U.S.C. § 1983

## [Against OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10]

Plaintiffs MICHAEL and ANTHONY QUESADA incorporate by reference all prior allegations pled in this complaint.

14. Plaintiffs MICHAEL and ANTHONY QUESADA had a firmly established right under the Fourth Amendment to the Constitution of the United States to be free from arrest without probable cause. Defendants DOES 1-5 arrested ANTHONY QUESADA and Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 6-10 arrested MICHAEL QUESADA without a warrant and without probable cause to believe a crime had been committed and despite the fact that MICHAEL and ANTHONY QUESADA had committed no crime.

15. At the time Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 arrested MICHAEL and ANTHONY QUESADA without a warrant and without probable cause to believe a crime had been committed, they were acting under color of state law as uniformed police officers within the course and scope of their employment for the CITY OF SANTA ANA.

16. Defendants DOES 1-5 acted in concert and Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 6-10 acted in concert as they engaged in the arrest of MICHAEL and ANTHONY QUESADA without probable cause, and said conduct deprived MICHAEL and ANTHONY QUESADA of the rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States.

17. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10's arrest of MICHAEL and ANTHONY QUESADA without probable cause was the moving force that caused economic damages to MICHAEL and ANTHONY QUESADA including medical expenses, and non-economic damages to

MICHAEL and ANTHONY QUESADA including physical pain, suffering, and emotional distress.

18. The conduct of Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 constituting false arrest, justifies the imposition of punitive damages against them in order to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of MICHAEL and ANTHONY QUESADA's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring MICHAEL and ANTHONY QUESADA. The conduct was oppressive because it injured and/or damaged MICHAEL and ANTHONY QUESADA and/or violated MICHAEL and ANTHONY QUESADA's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of MICHAEL and ANTHONY QUESADA's rights because, under the circumstances, it reflected a complete indifference to MICHAEL and ANTHONY QUESADA's safety or rights.

## VI.

## SECOND CAUSE OF ACTION

### Excessive Force – 42 U.S.C. § 1983

**[Against OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10]**

Plaintiffs MICHAEL and ANTHONY QUESADA incorporate by reference all prior allegations pled in this complaint.

19. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10, deprived Plaintiff MICHAEL and ANTHONY QUESADA of their clearly established federal constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures by using objectively unreasonable and excessive force against MICHAEL and ANTHONY QUESADA, while acting under color of state law. The excessive force is evidenced by knocking MICHAEL

and ANTHONY QUESADA of their bicycles, and then beating them on the ground without any justification when any reasonable police officer would consider the use or force unnecessary and excessive. The excessive force was used without warning, when MICHAEL and ANTHONY QUESADA were not an immediate threat to the safety of the officers or others and while MICHAEL and ANTHONY QUESADA were not resisting arrest nor attempting to evade arrest by flight.

20. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10's use of excessive force against MICHAEL and ANTHONY QUESADA was the moving force that caused economic damages to MICHAEL and ANTHONY QUESADA including medical expenses, and non-economic damages to MICHAEL and ANTHONY QUESADA including physical pain, suffering, and emotional distress.

21. The conduct of Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 constituting excessive force, justifies the imposition of punitive damages against them in order to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of MICHAEL and ANTHONY QUESADA's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring MICHAEL and ANTHONY QUESADA. The conduct was oppressive because it injured and/or damaged MICHAEL and ANTHONY QUESADA and/or violated MICHAEL and ANTHONY QUESADA's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of MICHAEL and ANTHONY QUESADA's rights because, under the circumstances, it reflected a complete indifference to MICHAEL and ANTHONY QUESADA's safety or rights.

///

# VII.

# THIRD CAUSE OF ACTION

## False Arrest – Civil Code Section 52.1

**[Against CITY OF SANTA ANA, OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10]**

Plaintiffs MICHAEL and ANTHONY QUESADA incorporate by reference all prior allegations pled in this complaint.

22. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with MICHAEL and ANTHONY QUESADA's exercise and/or enjoyment of their rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable searches and seizures and to be free from false arrest under California state law.

23. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10's interference by threats, intimidation, or coercion, or attempted threats, intimidation, or coercion reasonably caused MICHAEL and ANTHONY QUESADA to believe that violence would be used against them for exercising their rights to be free from unreasonable searches and seizures secured by the Fourth Amendment to the Constitution of the United States and to be free from false arrest under California state law.

24. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10's interference by threats, intimidation, or coercion, or attempted to interference by threats, intimidation, or coercion is evidenced by knocking MICHAEL and ANTHONY QUESADA of their bicycles, and then beating them on the ground without any justification when any reasonable police officer would consider the use or force unnecessary and excessive. The interference by threats, intimidation, or coercion, or attempted interference by threats, intimidation, or coercion was

without warning, when MICHAEL and ANTHONY QUESADA were not an immediate threat to the safety of the officers or others and while MICHAEL and ANTHONY QUESADA were not resisting arrest nor attempting to evade arrest by flight.

25. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 interference by threats, intimidation, or coercion, or attempted to interference by threats, intimidation, or coercion was the moving force that caused economic damages to MICHAEL and ANTHONY QUESADA including medical expenses, and non-economic damages to MICHAEL and ANTHONY QUESADA including physical pain, suffering, and emotional distress.

26. The CITY OF SANTA ANA is vicariously liable for the harm caused by Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 to MICHAEL and ANTHONY QUESADA for the state law claims under the doctrine of *respondeat superior*, principles of vicarious liability, and California Government Code section 815.2(a) because the officers were acting within the course and scope of their employment with the CITY OF SANTA ANA when the harm was inflicted on MICHAEL and ANTHONY QUESADA.

27. The conduct of Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 constituting false arrest, justifies the imposition of punitive damages against them in order to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious, oppressive and/or in reckless disregard of MICHAEL and ANTHONY QUESADA's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring MICHAEL and ANTHONY QUESADA. The conduct was oppressive because it injured and/or damaged MICHAEL and ANTHONY QUESADA and/or violated MICHAEL and ANTHONY QUESADA's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was

with a conscious disregard of MICHAEL and ANTHONY QUESADA's rights because, under the circumstances, it reflected a complete indifference to MICHAEL and ANTHONY QUESADA's safety or rights.

## VIII.

## FOURTH CAUSE OF ACTION

### Excessive Force – Civil Code Section 52.1

### [Against CITY OF SANTA ANA, OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10]

Plaintiffs MICHAEL and ANTHONY QUESADA incorporate by reference all prior allegations pled in this complaint.

28. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10, whether or not acting under of color of state law, interfered by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with MICHAEL and ANTHONY QUESADA's exercise and/or enjoyment of their rights secured by the Fourth Amendment to the Constitution of the United States to be free from unreasonable the use of excessive force and rights secured by the California Constitution and laws of the state of California. These state law rights include MICHAEL and ANTHONY QUESADA's rights under the "Declaration of Rights" found in article I, section 1 of the California Constitution which states, "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, . . . and pursuing and obtaining safety, happiness . . . ." These rights also include MICHAEL and ANTHONY QUESADA's rights codified in section 43 California Civil Code, which states in relevant part, "[E]very person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restraint or harm . . . ." These rights also include MICHAEL and ANTHONY QUESADA's rights codified at civil code section 1708 which states, "Every person is bound without contract, to abstain from injuring the person or property of another, or infringing upon any of

his or her rights."

29. The violation of these rights is evidenced by knocking MICHAEL and ANTHONY QUESADA of their bicycles, and then beating them on the ground without any justification when any reasonable police officer would consider the use of force unnecessary and excessive. The interference by threats, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion was used without warning, when MICHAEL and ANTHONY QUESADA were not an immediate threat to the safety of the officers or others and while MICHAEL and ANTHONY QUESADA were not resisting arrest nor attempting to evade arrest by flight.

30. Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10's interference by threat, intimidation, or coercion, or attempted to interfere by threat, intimidation, or coercion, with MICHAEL and ANTHONY QUESADA's exercise and/or enjoyment of his rights set forth above was the moving force that caused economic damages to MICHAEL and ANTHONY QUESADA including medical expenses, and non-economic damages to MICHAEL and ANTHONY QUESADA including physical pain, suffering, and emotional distress.

31. The CITY OF SANTA ANA is vicariously liable for the harm caused by Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 to MICHAEL and ANTHONY QUESADA for the state law claims under the doctrine of *respondeat superior*, principles of vicarious liability, and California Government Code section 815.2(a) because the officers were acting within the course and scope of their employment with the CITY OF SANTA ANA when the harm was inflicted on MICHAEL and ANTHONY QUESADA.

32. The conduct of Defendants OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10 constituting excessive force, justifies the imposition of punitive damages against them in order to punish them for their conduct, and to deter them from engaging in similar conduct in the future, because the conduct was malicious,

oppressive and/or in reckless disregard of MICHAEL and ANTHONY QUESADA's rights. The conduct was malicious because it was accompanied by ill will, spite and/or for the purpose of injuring MICHAEL and ANTHONY QUESADA. The conduct was oppressive because it injured and/or damaged MICHAEL and ANTHONY QUESADA and/or violated MICHAEL and ANTHONY QUESADA's rights with unnecessary harshness and/or severity, and it was a misuse or abuse of authority or power by the defendants. The conduct was with a conscious disregard of MICHAEL and ANTHONY QUESADA's rights because, under the circumstances, it reflected a complete indifference to MICHAEL and ANTHONY QUESADA's safety or rights.

WHEREFORE Plaintiffs MICHAEL and ANTHONY QUESADA, pray for relief as follows:

1. Economic damages according to proof at the time of trial,
2. Non-economic damages according to proof at the time of trial,
3. Attorney fees pursuant to 42 U.S.C. § 1988,
4. Attorney fees pursuant to California Civil Code section 52,
5. A twenty-five-thousand-dollar civil penalty for each violation of California Civil Code section 52.1,
6. Punitive damages against OSCAR LIZARDI, COLLIN REEDY, and DOES 1-10,
7. Costs of suit incurred herein and interest; and
8. Any further relief that this Court deems just and appropriate.

DATED: April 12, 2021                THE GILLILAND FIRM

s/ Douglas S. Gilliland
Douglas S. Gilliland, Esq., attorneys for Plaintiffs MICHAEL QUESADA and ANTHONY QUESADA

**DEMAND FOR JURY TRIAL**

Pursuant to Local Civil Rules, Rule 38-1, Plaintiff MICHAEL and ANTHONY QUESADA demand a jury on all issues so triable.

DATED:  April 12, 2021          THE GILLILAND FIRM

s/ Douglas S. Gilliland
_____
Douglas S. Gilliland, Esq., attorneys for Plaintiffs MICHAEL QUESADA and ANTHONY QUESADA